# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS GRAY,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF THE AIR FORCE,<br>　　　　Agency. | DOCKET NUMBER<br>DE-0752-21-0214-I-1<br><br><br>DATE: February 10, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Thomas Gray, Colorado Springs, Colorado, pro se.

Benjamin Signer, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are = not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On June 3, 2020, the parties entered into a "Last Chance Agreement" (LCA) to resolve a February 2020 proposed removal of the appellant, a Cook at the U.S. Air Force Academy, based on his absence without leave (AWOL). Initial Appeal File (IAF), Tab 11 at 10, 57-61. In the LCA, the agency agreed to issue a 15-day suspension in lieu of the removal and to hold the removal in abeyance during a 1-year "probationary period." *Id.* at 57. In exchange, the appellant agreed to, inter alia, "comply with all policies and directives as a Federal employee" and waive his Board appeal rights for adverse actions brought against him due to his violation of the LCA. *Id.* at 57-58.

On March 10, 2021, the agency proposed the appellant's removal, charging him with conduct unbecoming a Federal employee. *Id.* at 20-21. The specifications alleged that the appellant mocked a coworker on several instances and threatened her when she requested that he stop. *Id.* at 20. After receiving the appellant's reply, the deciding official found the charge and specifications supported by a preponderance of the evidence and removed the appellant in a May 10, 2021 decision. *Id.* at 13-15. The appellant filed an appeal contesting his removal. IAF, Tab 1.

After affording the appellant his requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant engaged in the charged misconduct and thereby breached the LCA, and that he waived his Board appeal rights. IAF, Tab 24, Initial Decision (ID) at 12. The appellant filed a petition for review, in which he argues that the administrative judge misinterpreted a written statement he submitted and contests the administrative judge's credibility-related determinations regarding his bias and

demeanor. Petition for Review (PFR) File, Tab 1. The agency filed a response. PFR File, Tab 3.

## ANALYSIS

When a removal is held in abeyance pursuant to an LCA, and the employee then breaches the agreement and the prior removal is "reinstated," the penalty of removal is a product of the former misconduct. *Tackett v. Department of the Air Force*, 80 M.S.P.R. 624, ¶ 8 (1999). In this scenario, once it is determined that a breach occurred, a waiver of the right to appeal the reinstated removal in the LCA will operate to remove the issue of the removal's reasonableness from the Board's jurisdiction. *See id.*

The March 10, 2021 notice stated that the agency proposed to remove the appellant for "non-compliance with the [LCA]," but, rather than reinstate the February 2020 removal, it set forth a new charge of conduct unbecoming a Federal employee for his post-LCA misconduct. IAF, Tab 11 at 20. The proposal listed the LCA as an "aggravating factor." *Id.* The agency then afforded the appellant due process and procedural protections applicable to adverse actions under 5 U.S.C. chapter 75, including 30 days advance notice, a reply opportunity, and analyses of the penalty under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), at both the proposal and decision stages.[2] *Id.* at 13-33. Although the May 10, 2021 decision referenced the LCA and informed the appellant that his Board appeal rights were limited to the issue of whether he violated the LCA, it also informed him he was being removed specifically for conduct unbecoming a Federal employee and was accompanied by an analysis of the *Douglas* factors explaining that the LCA was only one reason among several justifying the removal. *Id.* at 13, 15-19. Under these facts, we find that the agency removed the appellant not by reinstating his February 2020 removal for

---

[2] In *Douglas*, the Board set forth a non-exhaustive list of factors relevant for determining the appropriateness of penalties for misconduct. 5 M.S.P.R. at 305-06.

AWOL, which was held in abeyance pursuant to the LCA, but through a new personnel action. *Jackson v. Department of Justice*, 96 M.S.P.R. 498, ¶ 13 (2004) (finding an agency did not reinstate a prior removal held in abeyance under a LCA when it proposed the appellant's removal on a new charge and afforded him due process and procedural protections applicable to adverse actions taken under 5 U.S.C. chapter 75, including a *Douglas* factor analysis).

The question of whether the appellant waived his right to appeal his removal to the Board in the LCA remains. It is well settled that a waiver of the statutory right of appeal to the Board must be clear, unequivocal, and decisive. *E.g.*, *Cason v. Department of the Army,* 118 M.S.P.R. 58, ¶ 5 (2012). The waiver in the LCA, paragraph 3.c., states in relevant part: " . . . [the appellant] waives the following as regards to any disciplinary/adverse or administrative action, up to and including removal, brought against [him] *for any of the reasons identified in paragraph 3.b., above*: (1) All appeal rights to the [Board]." IAF, Tab 11 at 57 (emphasis added).[3] The relevant portion of paragraph 3.b. is the appellant's commitment to "comply with all policies and directives as a Federal employee." *Id*.

---

[3] Although waiver language is also contained in another provision, paragraph 4, IAF, Tab 11 at 58, it does not add anything of substance to the waiver in paragraph 3.c. for purposes of this case.

Aside from the question of whether the appellant breached the LCA,[4] the critical issue is thus whether the May 10, 2021 removal was based on the appellant's failure to "comply with all policies and directives as a Federal employee." *Id*. Based on the text of the proposal and decision, we find that it was not. Even if the appellant's violation of some policy was implied by reference to the LCA in the removal documentation, nowhere in the proposal or decision was any policy or directive which the appellant was said to have violated identified. *Id.* at 13-15, 20-22. The appellant's removal was, rather, for the misconduct described under the charge of conduct unbecoming a Federal employee, a narrative charge with no specific elements of proof. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). We recognize that, in her hearing testimony, the deciding official testified as to the significant role a policy violation played in the removal action, but the language of the proposal and decision notices are dispositive. *See Licausi v. Office of Personnel Management*, 350 F.3d 1359, 1363 n.1 (Fed. Cir. 2003) (noting the due process principle that a person must be given notice of the charge on which the action against him is based).

Accordingly, because the appellant did not waive his right to appeal the removal at issue, we remand his appeal for adjudication on the merits. On

---

[4] The administrative judge found that the appellant breached the LCA because he committed the charged misconduct and thereby violated agency policy and directives. ID at 6, 12. However, the only policy the agency claimed that the appellant breached by his offense of "bullying" was Air Force Instruction 36-2710, paragraph 2.5, which prohibits bullying "as defined by [Department of Defense (DOD) Instruction] 1020.03." IAF, Tab 11 at 6, 38. DOD Instruction 1020.03 defines bullying as "acts of aggression" with the intent of harming an active duty service member. DOD Instruction, 1020.03, Harassment Prevention and Response in the Armed Forces, para. G.2. (2018), https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/102003p.PDF? ver=DAAzonEUeFb8kUWRb T9Epw%3d%3d. Though the record is not clear on this issue, there is no evidence to suggest that the victim of the appellant's purported actions was an active duty service member. *See, e.g.*, IAF, Tab 11 at 23 (stating that the appellant's job interactions are with civilians and occasionally cadets). The relevance of these policies to the current removal action is therefore unclear.

remand, the administrative judge shall afford the parties the opportunity to submit additional testimony or evidence relevant to any remaining issues. The administrative judge should apply the burden of proof applicable to adverse action appeals, which is generally that the agency must prove its charge by a preponderance of the evidence, establish a nexus between the action and the efficiency of the service, and establish that the penalty it imposed is within the tolerable bounds of reasonableness. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012); *see* 5 U.S.C. §§ 7513(a), 7701(c)(1)(B); *Douglas*, 5 M.S.P.R. at 306-07.

Lastly, we note that the administrative judge erred in his assessment of the credibility of the appellant's hearing testimony in two respects. First, he improperly considered the appellant's prior discipline as character evidence to establish that he committed the charged misconduct.[5] ID at 11. The basic rule is that character evidence may not be introduced to prove or disprove a particular act. *Carrick v. U.S. Postal Service*, 67 M.S.P.R. 280, 283 (1995) (finding reliance on the appellant's previous discipline for sleeping on the job as proof of an agency's new charge of sleeping on the job was error); Fed. R. Evid. 404(a) (1), (b)(1).[6] Such character evidence is distinguished from evidence related to a witness' character for truthfulness, which may be considered in assessing the credibility of testimony. *Carrick*, 67 M.S.P.R. at 283; *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 459 (1987). Second, the administrative judge improperly considered the appellant's bias "to the extent that [the appellant] had

---

[5] The administrative judge cited *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 338-39 (1981), to justify his consideration of the appellant's prior discipline as character evidence, but his reliance is misplaced, as *Bolling* only pertained to the level of scrutiny the Board may give to prior discipline considered in selecting an appropriate penalty, and not to the consideration of prior discipline as character evidence probative on a given charge. ID at 11. It is well established that there is nothing improper in considering prior misconduct in determining appropriateness of a penalty. *See Douglas,* 5 M.S.P.R. at 305.

[6] The Federal Rules of Evidence are used as nonbinding guidance by the Board. *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 35 (2010).

a clear bias to testify in the manner he did . . . ." ID at 11. Most testimony that an appellant is likely to give, other than admissions, can be characterized as self-serving, and the Board has found that an appellant's testimony should not be discredited solely on that basis. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 25 (2015); *Gamble v. U.S. Postal Service,* 6 M.S.P.R. 578, 580-81 (1981).

## ORDER

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.[7]

FOR THE BOARD:                 *Gina K. Grippando*
                               _____
                               Gina K. Grippando
                               Clerk of the Board
Washington, D.C.

---

[7] In view of this disposition, it is unnecessary to address the merits of the appellant's remaining arguments on review.